## McGLOIN vs. HENDERSON AND JOHNSON.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

When passengers in a vessel are conveyed to a different port, without their consent, than that agreed on at the time of sailing, no recovery can be had for the amount of their passage money.

So where the owners of a schooner stipulate to deliver passengers at a particular place for a certain sum, in the penalty of one thousand dollars, and fail without the fault of the other party the penalty is thereby forfeited and will be recovered.

EASTERN DIS.
June, 1834.

M'GLOIN
vs.
HENDERSON
AND
JOHNSON.

The plaintiff alleges that he entered into a contract of affreightment or charter party on the 1st of October 1833, in New-York, with the defendants, owners of the schooner Messenger, for the use of the hold and cabin of said schooner, to carry passengers on a voyage from the city of New-York to the port of Aransasua, in Texas, for which he was to pay seven hundred dollars; the owners furnishing every thing necessary to the voyage; that a penal clause was inserted in said contract by which the party who violated, or failed to perform said contract forfeited to the other party one thousand dollars; that forty three passengers embarked on board said schooner in pursuance of said contract, and that the captain put in command by the owners, without any reasonable cause, and in open violation of the contract between the owners and the plaintiff brought said schooner into the port of New-Orleans, to the great damage and injury of said passengers who were emigrants to Texas, and against their will and without their consent, by reason of which the penalty of one thousand dollars is forfeited by the owners of said vessel; for which and for three hundred and fifty dollars advanced to said owners in New-York, he prays judgment; and that said schooner be seized and sold in virtue of his attachment to satisfy said judgment.

The defendants admitted the execution of the contract, but denied its breach, and averred that the voyage was interrupted by the misinformation of the plaintiff in undertaking to pilot the vessel; and by his violence, menaces and attempts to stir up mutiny among the passengers and crew; the defendants charge that the voyage was completed by putting into New-Orleans, and that the plaintff owes three hundred and fifty dollars on his contract, and one hundred dollars for the cabin passage of four persons, for which they pray judgment in reconvention.

After hearing the testimony of a number of witnesses called by the parties, the parish judge was of opinion that the defendants had failed to deliver the passengers against their will, according to contract, and having violated its

terms was bound to pay the penalty; and that they should refund what had been advanced to them in New-York, as a pro rata freight could only be demanded, on the ground of a voluntary acceptance of the cargo by the shipper at an intermediate port, and a dispensation of proceeding farther. 2 *Gallison* 164, 1 *Mason ibid.*

Judgment for plaintiffs for one thousand three hundred and fifty dollars and costs. The defendants appealed.

*Roselius* for the plaintiff.

1. The principle of law contended for by the opposite party in the court below is not contested. It is admitted that damages cannot be super-added to the penalty for the non performance of a contract; that a party cannot exact the performance of the principal obligation, and at the same recover the penalty, unless the latter is given for delay.

2. We claim in this case the amount advanced as paid without consideration, and the penalty as the amount of damages sustained by us, which is fixed by the parties in the contract, and forfeited in consequence of the non-performance of the contract on the part of the defendants.

3. The evidence shows clearly that it was the fault of the captain, whom the owners put in the command of their vessel, and not that of the plaintiff, that occasioned the failure of the voyage.

*Strawbridge* for the defendants.

1. The plaintiff cannot recover the sum advanced by him as damages on his contract and the penalty too. *Pothier on Ob. No.* 342. 6 *Toullier No.* 813. 1 *Mar. N. S.* 403.

2. By the common law the penalty is always released on payment of the principal or real debt.

3. A close examination of the testimony will show that the failure to land at the port of destination was occasioned by the conduct of the plaintiff.

EASTERN DIS.
June, 1834.

M'GLOIN
vs.
HENDERSON
AND
JOHNSON.

BULLARD, J., delivered the opinion of the court.

The plaintiff sues the owners of the schooner Messenger, to recover back the sum of three hundred and fifty dollars paid by him on a contract of charter-party, together with one thousand dollars, the penalty stipulated in the contract in case of its non performance. The charty-party shows that the owners had let to freight the hold of the schooner for a voyage to be made from New-York, to Aransasua in Texas, then to be discharged, the dangers of the sea excepted. The The charterer was authorised to load and put on board a loading of such goods and merchandise as he should think proper, contraband goods excepted. He engaged to pay seven hundred dollars for the freight or hire of the schooner, one half to be paid before sailing, and the balance on the arrival of the schooner at the place of her destination. He further engaged to pay one half of the port charges and and pilotage; and was at liberty to put four passengers in the cabin. The parties further bound themselves, mutually to pay a penalty of a thousand dollars, in case of non performance of the stipulations of the contract. It appears that one half of the hire was advanced, and the schooner sailed at the time agreed on loaded with emigrants, accompainied by the charterer, but did not enter her port of destination; on the contrary after making an attempt to enter the captain steered for, and ultimately reached the port of New-Orleans.

The defendants admit the execution of the charter-party, but deny any breach of the contract. They demand in reconvention a judgment for the balance of the hire or freight, alleging that the completion of the voyage, was prevented first, by the misinformation given McGloin, the plaintiff, who represented, that he was capable of piloting the vessel into port, and, secondly, by his menaces and violence, and attempts to stir up mutiny among the pasgers and crew and to run the vessel on shore. They claim also one hundred dollars for four additional cabin

passengers beyond the number stipulated for. It is not Eastern Dis.
June, 1834.
pretended that the loss of the voyage was occasioned
by perils of the sea, and the only question is, whether it was
broken up by the fault of the charterer himself.

M'GLOIN
vs.
HENDERSON
AND
JOHNSON.

The evidence is somewhat contradictory, but there are
some facts about which there is no dispute. First: that after
making an unsuccessful attempt to cross the bar of the port
of Aransasua, the captain refused to make another attempt,
or wait on the coast for more favorable weather, or to send
out a boat to sound the channel. Secondly: that no actual at-
tempt at violence was made. Thirdly: that the captain refus-
ed to put into some port of Texas, though urged to do so by the
charterer, but persisted, notwithstanding his remontrances,
to come to New-Orleans. The captain himself admits that
after the attempt to enter Aransasua, when in the latitude
of Matamoros, the plaintiff proposed to go there. The dis-
tance was one hundred or a hundred and fifty miles, and
they were then three hundred miles from the Mississippi. If
the captain had complied with this request, it would pro-
bably have been a virtual compliance with the contract.
The charterer at any rate professed his readiness to accept
it as such. He cannot, therefore, say that he has been pre-
vented from earning the freight by the fault of the charterer.
No menaces are proved to have been made until after the
master had declared his determination to sail for New-Orleans.
The passengers had no right to interfere, and the request of
a part of them to be conveyed to New-Orleans, amounts to
nothing. Their contract was with the charterer and not
with the captain and owners. The defendants we think
have failed to show that they were prevented, from per-
forming their contract, either by the perils of the sea, or
by the fault of the plaintiff.

The claim on the part of the defendants, for one hundred
dollars; for the four additional passengers in the cabin cannot
be sustained. We are to presume that their passage was to
be from New-York to Aransasua, and not to New-Orleans.
Not having been conveyed thither, no passage money is due.
It has been contended that the plaintiff is not antitled to

*When passengers in a vessel are conveyed to a different port without their consent than that agreed on at the time of sailing, no recovery can be had for the amount of their passage money.*

EASTERN DIS. June, 1834.

M'GLOIN
vs.
HENDERSON
AND
JOHNSON.

So where the owners of a schooner stipulate to deliver passengers at a particular place for a certain sum, in the penalty of one thousand dollars, and fail without the fault of the other party the penalty is thereby forfeited and will be recovered.

recover back the money already paid, and the defendant's counsel relies on the authority of *Abbott, on shipping, p.* 277. But the case there mentioned turned on the principle that the non-performance was owing to the neglect or default of the party claiming to be refunded. We do not think the case applicable to this.

The owners having failed to comply with their contract, have forfeited the stipulated penalty, and are bound to refund what has been already paid.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court, be affirmed with costs.

#### OPINION ON THE RE-HEARING OF THIS CAUSE.

A penal clause in a contract fixing the amount of damages in case of its non-performance by either party is reciprocal, and must be enforced on this principle, and nothing more or less than the penalty fixed can be recovered.

But where a penal clause in a contract fixes the amount of damages in case of non-performance by either party, and there is a part performance by one of them, the court may modify the penalty accordingly.

So where one party advances half the sum stipulated in the performance of a contract, which has a penal clause of one thousand dollars in case of failure, and the other party fails to complete his part, the former cannot recover back the sum advanced and the penalty too ; he can only recover the penalty.

The plaintiff obtained a re-hearing in this case on the ground of error in the first judgment.

BULLARD, J., delivered the opinion of the court.

The court have maturely considered the question presented on the re-hearing of this case, to wit: whether the plaintiff be entitled to recover both the sum paid in advance as part of the hire of the schooner, and the penalty of one thousand dollars stipulated for damages in case of non performance of the contract.

In the absence of proof as to the law of New-York, where the contract was made, we are bound to take our own laws as the rule of decision.

The advance of one half the hire was a part of the contract. It could not therefore be recovered back *eo nomine* without a recision of the contract. The penal clause was intended to fix the amount of damages to be recovered in case of non-execution of its stipulations, and nothing more nor less could be recovered, except that the court is authorised in cases of partial execution to modify the penalty. *La. Code Ar.* 2123.

The penal clause of this contract is reciprocal, the parties mutually bind themselves to each other in the penal sum of one thousand dollars. Suppose the plaintiff had violated the contract on his part by refusing to pay the three hundred and fifty dollars in advance, would the owners have been entitled to recover that sum and the penalty besides? Surely not: because that would have been to enforce performance of the contract and to recover the penalty at the same time. We cannot suppose any case in which the defendant would be entitled to recover more than a thousand dollars. If on arrival at the port of destination the plaintiff had refused to pay the remaining part of the hire, and the owners had sued on the penal clause, the plaintiff would have shown a partial performance and entitled himself to a modification of the penalty, according to the article of the Code above cited, and perhaps would have been bound to pay only the balance of the hire with legal interest, as his part of the contract consisted purely in the payment of money. If we permit the plaintiff now to recover thirteen hundred and fifty dollars we destroy the reciprocity of the contract; and in effect permit him to cumulate an action to recover back what was paid on a contract, upon the failure of the consideration which is in effect, a cancelling of the contract, with an action for damages for its non-execution. But it is contended that the redhibitory action is an example of the contrary rule; that when the vendor knew of the vices of the thing, the

EASTERN DIS. June, 1834.

So where one party advances half the sum stipulated in the performance of a contract, which has a penal clause of one thousand dollars in case of failure, and the other party fails to complete his part, the former cannot recover back the sum advanced and the penalty too; he can only recover the latter sum.

vendee is entitled not only to a rescision of the sale, but to damages. That proceeds on the ground of a fraud having been committed, and the exception itself proves the general rule.

Upon the whole we are satisfied that our former judgment was erroneous in this particular.

It is therefore ordered that the judgment heretofore rendered be set aside, and it is further adjudged and decreed that the judgment of the Parish Court be reversed and annulled; that the Plaintiff recover of the defendants one thousand dollars, with interest at five per cent. from judicial demand with costs in the Parish Court, the costs of the appeal to be borne by the plaintiff and appellee.