SAMUEL S. RICHIE et al. *v.* JOSEPH H. BASS.

Where a paper was offered in evidence, purporting to contain a dispatch received at a telegraph office, and no proof was made that it was in the handwriting of any person employed in the telegraph office at the time the dispatch purported to have been received, and no other proof of its authenticity was given—*Held:* That it was inadmissible as evidence.

Where a contract is entered into by one assuming to act as agent of another, without having been authorized to make the contract, such pretended agent is by law responsible personally in the precise terms of the contract.

APPEAL from the Sixth District Court of New Orleans, *Howell,* J.
    *C. Roselius* and *W. H. Hunt,* for plaintiff. *J. Magne* and *B. S. Tappan,* for defendant and appellant.

MERRICK, C. J.   This suit is brought against the defendant to recover the sum of $3000, the penalty stipulated in a charter party.   The defendant having signed the charter-party as agent, is now sought to be held personally responsible for want of authority in those he represented as principals.   In the instrument he calls them *James Abercrombie & others.*

The testimony shows, that there was a firm at the time of the contract (September, 1855,) residing at Pensacola, Florida, of the name of *Raiford & Abercrombie,* composed of *James Abercrombie, Sr., James Abercrombie, Jr., John G. Abercrombie,* and *P. H. Raiford.*

Two of these partners testify that they did not authorize the contract, and that they repudiated the same as soon as they were advised of it.   It has been made a question by the appellee, whether the plaintiff has sufficiently shown a want of authority by this proof, and it is contended that the other partners ought to have been called as witnesses; for, *non constat,* he says, that the other partners may not have given the authority.   Conceding that the burden of proof is upon the plaintiff to show a want of authority in the agent, with whom he has contracted as such, we think it is sufficiently shown that there was no authority by the testimony of two of the members of the firm, who were testifying with reference to the charter-party, which purported to be executed on their behalf.

It is next contended by the defendant, that he has shown affirmatively, by the proof which he has adduced, authority to make the contract.

It seems that, shortly before this contract was entered into, *James Abercrombie, Sr.,* sent from the telegraph office in Columbus, Ga., to the defendant, in Philadelphia, a dispatch composed of more than fifty words.   What were the contents of the dispatch was not shown by the operators at Columbus, (although it is made probable it had reference to the chartering of vessels,) and it was proved that files of the office at that period were destroyed.   With this introductory proof the defendant offered a paper purporting to contain a dispatch received at the Telegraph Office in Philadelphia, from Columbus, Ga., from *Abercrombie, Sr.,* authorizing a contract, but on less favorable terms to the plaintiffs than the contract entered into by *Bass.*   No proof was made that the paper produced was in the handwriting of any person employed in the Philadelphia office at the time it purports to have been received, neither is its authenticity established in any other manner.

Plaintiffs excepted to the paper, on the ground that there was no proof of its genuineness or authenticity.   The exception was well taken, and the instrument ought to have been excluded.   At least, the paper should have been shown to have been in the handwriting of some person employed in the Philadelphia Telegraph Office at that time.

The proof being rejected, the next question raised is, whether the damages stipulated can be recovered of the agent.   He contends that he is, if at all, only responsible for actual damages.   The actual damages proved amount to a sum as large as the damages claimed as a penalty.

On the other side, it is contended in substance, that this estimate, which the supposed agent had formed on behalf of his pretended principals, as to the damages, will furnish a safe rule as to himself, who is obliged by law to occupy their place.

Our law on the subject is in these words :

" The mandatary is responsible to those with whom he contracts, only when he has bound himself personally, *or when he has exceeded his authority, without hav-*

*ing exhibited his powers."* C. C. 2982. We add, much more then is he bound where he has no powers.

So Article 2979 : " The attorney cannot go beyond the limits of his procuration ; whatever he does in exceeding his power is null and void with regard to the principal, unless ratified by the latter, and the attorney alone is bound in his individual capacity."

So also Art. 2593 : " The adjudication can only be made to a bidder present, or properly represented. The person who bids in the name of another, without sufficient authority to bind him, is considered as having bought on his own account, and is answerable for all the consequences of the adjudication. See also Story on Agency, sec. 264 ; 6 La. 720.

Under our law, therefore, the pretended agent is, it seems, responsible in the precise terms of the contract. But if the law of Pennsylvania and Florida be different from our own on this subject, still the proof will warrant judgment to the amount of the penalty stipulated. See 2 Parsons on Contracts, 433 et seq.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed ; and it is now ordered, adjudged and decreed, that the plaintiffs do have and recover judgment against the defendant, in the sum of three thousand dollars, with five per cent. interest thereon from the judicial demand, and that the defendant pay the costs of both courts.