**No. 2884**

**Second Circuit**

———

**SIMON v. SELBER ET AL.**

———

(November 7, 1930.  Opinion and Decree.)

———

J. H. Levy, of Shreveport, attorney for plaintiff, appellee.

Wise, Randolph, Rendall & Freyer, of Shreveport, attorneys for defendants, appellants.

ODOM, J. Plaintiff sued Charles Selber, Louis Selber, Isadore Selber, Aaron Selber, and Mandel Selber to recover the sum of $125 alleged to be due him as commission for obtaining a loan of $12,500 on certain real estate in the city of Shreveport. Each of the defendants was cited and filed answer denying each and every allegation made in plaintiff's petition. There was judgment in the lower court against Charles Selber for the full amount sued for and dismissing plaintiff's demands against all other defendants. Charles Selber appealed, and in this court asks that the judgment be reduced to $25, his proportion of the alleged claim. Plaintiff did not appeal from the judgment rejecting his demands against the other four alleged debtors, nor has he moved in this court to amend the judgment.

Plaintiff alleged that these five defendants, naming them, "are indebted unto petitioner for services rendered in negotiating a loan of $12,500.00 on lots in Fairmount Subdivision in the City of Sherevport, Caddo Parish, Louisiana, on corner of Fairfield Avenue and Mildred Street in the full sum of One Hundred Twenty-five Dollars, being one per cent of the amount of said loan, as per contract." And he prayed that said defendants, naming them, be cited, and for "judgment in favor of petitioner and against said defendants for said sum."

It will thus be seen that plaintiff has sued these defendants as joint obligors He joined all of them as defendants in the same suit, and asked for judgment against them jointly and not in solido. He made no alternative plea asking the court to grant judgment against any one of the defendants in case it should develop on the trial that one of them and not all was liable for the whole debt. His prayer is for judgment against said defendants and for "all necessary orders and general relief."

These defendants own jointly certain real estate in the city of Shreveport, although there is some testimony to the effect that the interest therein owned by Charles Selber stands on the records in the name of one Pearlstein. Charles Selber, the father of the other four, applied to plaintiff for a loan, to be secured by mortgage on said property. He did not at the time state to plaintiff that he was representing, not only himself, but the other co-owners as agent, but, as a matter of fact, he was so acting. The loan applied for was not for the benefit of Charles Selber personally, but for the benefit of himself and the other co-owners of the property offered as security. This is abundantly borne out by the record. When Charles Selber applied for the loan, he offered as security property owned by himself and the other four defendants jointly. He referred matters of detail to his son, Louis, one of the co-defendants, and told Simon, the plaintiff, that he would have to see his son, Louis, before the matter could be closed. Plaintiff's own testimony shows that he knew that Charles Selber was acting for all the co-owners. He testified that an examination of the abstract showed that the four Selber brothers owned interests in the property to be mortgaged, and he was asked:

"Q. You knew then that you were deal-

ing with owners other than Mr. Charles Selber?

"A. Mr. Charles Selber was acting, I presumed, in behalf of himself and others.

"Q. You, assumed that?

"A. Why, certainly. Quite a natural presumption. He acted all the way through that way.

"Q. You found that he was representing those parties and assumed he was their authorized agent?

"A. Why, certainly."

In addition to this and as already stated, plaintiff brought his suit against these defendants jointly and asked for a joint judgment, thereby conceding that they were joint obligors. Counsel for plaintiff in his brief refers to "the Selbers" as the debtors. We quote the following from plaintiff's brief:

"Louis Selber at page 32 of the testimony admits that his father had talked with Simon with reference to a loan, but that he didn't know that the loan was for less than $15,000.00, and that after discovering that it was for $12,500.00 that he promptly repudiated his father's right to enter into an agreement for less than $12,500.00, which is tantamount to admitting that he authorized his father to make a loan, but that he did not agree with the amount of the loan the old man made; another singular thing is that the other three Selbers did not come in and repudiate their father's agency, thereby indicating that they at least would not repudiate a transaction that their father had solemnly entered into."

Counsel for defendant, by asking in this court that the judgment against Charles Selber be reduced to $25, his proportion of the debt, concede that plaintiff earned the commission for which he sues. The obligaiton to pay this commission rested upon all of the defendants. The father and the four brothers, acting through him as agent, negotiated for the loan. They joined in the same contract to do the same thing; they were joint obligors. Civ. Code, art. 2080.

The law is plain as to what judgment must be rendered in cases of this kind.

"In a suit on a joint obligation, judgment must be rendered against each defendant separately, for his proportion of the debt." Civ. Code, art. 2086.

The judgment in this case should have been for plaintiff against each of the defendants for $25. But the lower court rejected plaintiff's demands against all the defendants, except one, and plaintiff did not appeal from that judgment, nor has he moved to amend it.

Counsel for plaintiff in brief which he files in this court in support of the judgment against Charles Selber for the entire debt has cited numerous authorities to the effect that:

"Where a contract is entered into by one assuming to act as agent of another, without having been authorized to make the contract, such pretended agent is by law responsible personally in the precise terms of the contract." Richie v. Bass, 15 La. Ann. 668; Thompson & Co. v. Moulton, 20 La. Ann. 536; Civ. Code, arts. 2979, 2593; Dodd, Brown & Co. v. Bishop, 30 La. Ann. 1178; Hewitt v. Roudebush, 24 La. Ann. 254; 21 R. C. L. Verbo "Principal and Agent," sec. 93, p. 914.

These authorities are not in point, for the reason that there is nothing to show that Charles Selber exceeded his authority in making application for the loan. In fact, counsel himself argues in that portion of his brief which we have quoted that Charles Selber was authorized by the others, and the suit was filed and tried upon that theory.

For the reasons assigned, it is ordered and decreed that the judgment appealed from be amended by reducing the amount from $125 to $25, and, as thus amended, it is affirmed; costs of appeal to be paid by appellee, all other costs to be paid by appellant.